UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NATHANIEL KENNETH MANESS,        )
                                 )
        Plaintiff,                )
                                 )
v.                               )   No. 2:24-CV-00121-JRG-CRW
                                 )
LT. MOWDY, CPR. WISHEY, and CO.  )
HENAGER,                         )
                                 )
        Defendants.               )

## **MEMORANDUM OPINION AND ORDER**

By Memorandum Opinion and Order entered July 17, 2024, this Court granted Plaintiff's motion to proceed *in forma pauperis* [*see* Doc. 4], dismissed Plaintiff's pro se prisoner's complaint under 42 U.S.C. § 1983 [*see* Doc. 1] for failure to state a claim, and ordered Plaintiff to file an amended complaint "if he wishes to further pursue this action" [Doc. 6 at 6]. Plaintiff subsequently filed an amended complaint [Doc. 7] that is now before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it states a justiciable claim. For the reasons set forth below, the Court will dismiss this action for failure to state a claim.

**I.     SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant

statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

## II. ALLEGATIONS OF AMENDED COMPLAINT[1]

While housed at the Sullivan County Jail, Plaintiff and inmate Chris Wix "told the officers on duty that things were happening in [their] cell" that they "were in fear of happening to [them]" [Doc. 7 at 3–4]. Plaintiff helped Inmate Wix file a grievance on the kiosk, and Plaintiff personally told the officers, but the inmates were not moved [*Id.* at 4]. "[T]he end result" was that Plaintiff and Wix were told to fight, but when they refused, "the other inmates covered the cameras" [*Id.*]. No officers came to help [*Id.*]. The inmates then beat up Inmate Wix, made Inmate Wix get into

---

[1] The Court previously advised Plaintiff that his "amended complaint will be the sole operative complaint that the Court considers, and therefore, it must be complete in and of itself and must not refer to any previously filed allegations or pleadings" [Doc. 6 at 5–6]. Accordingly, the Court confines its recitations of Plaintiff's allegations to those presented in the amended complaint.

the shower, and made Plaintiff clean up the blood in the back bathroom [*Id.*]. While Plaintiff was cleaning, four inmates sneaked up and started beating Plaintiff [*Id.*] Plaintiff fell to the floor, and the inmates then kicked him in the face and body for several minutes [*Id.*]. During the attack, Plaintiff's finger was broken, his arm was sprained, he lost a tooth, and his abdomen was "damage[d]" [*Id.* at 3].

Aggrieved by these circumstances, Plaintiff asks the Court to award him "restitution" for his injuries and suffering, which was caused by the guards "ignoring [Plaintiff's] complaints" and "ignoring the cameras that were covered by the attacking inmates for several minutes" [*Id.* at 5].

### III. ANALYSIS

#### A. Failure to State a Claim

The Eighth Amendment prohibits cruel and unusual punishments[.]"[2] U.S. Const. amend. VIII. That prohibition "imposes duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Those duties require officials to "take reasonable measures to guarantee the safety of" inmates. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). This includes protecting inmates' right to be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. Instead,

---

[2] Plaintiff failed to comply with the portion of the Court's prior Order requiring him to disclose his custodial status in any amended complaint he filed [*See generally* Doc. 7]. But the Tennessee Department of Correction designates him as currently in custody. *See* Tenn. Dep't of Corr., *Felony Offender Information,* https://foil.app.tn.gov/foil/search.jsp (last visited Aug. 7, 2024) (search by name); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)). Therefore, the Court presumes Plaintiff is a convicted prisoner whose constitutional protections are derived from the Eighth Amendment. *See, e.g., Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002) (noting that "[t]he Eighth Amendment applies to convicted prisoners").

3

liability attaches to a prison official's failure to protect a prisoner only where the prisoner was, objectively, "incarcerated under conditions posing a substantial risk of serious harm," and the prison official acted with deliberate indifference to the prisoner's safety. *Id*. at 834. Acting with "deliberate indifference" means that a prison official "was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and internal quotation marks omitted) (alteration in original). Negligence is insufficient to establish liability. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40).

Here, Plaintiff's allegations are insufficient to impose liability on any individual Defendant. Plaintiff alleges only that "things were happening" that made him fearful and that he "told the officers" [Doc. 7 at 3–4]. That is, he does not provide any facts that would allow the Court to plausibly infer that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm[.]" *Farmer*, 511 U.S. at 834. And relatedly, he has not pled with any detail what facts he allegedly made Defendants aware of prior to the attack, such that the Court could plausibly infer that Defendants were actually aware of a serious risk to Plaintiff that they disregarded. Therefore, the fact that Defendants allegedly ignored Plaintiff's statement that "things were happening" fails to state a claim.

The Court reaches the same result with regard to Plaintiff's allegations that Defendants ignored the covered cameras "for several minutes" [Doc. 7 at 5]. Plaintiff does not disclose how much time elapsed between when the cameras were covered and when officers ultimately intervened. Regardless, Plaintiff has not presented any facts to suggest that one or more Defendants observed the covered cameras, knew that an attack would occur or was occurring, and had the opportunity to intervene sooner but failed to do so. Instead, as pled, Plaintiff's allegations

suggest negligence or dereliction of duty, which cannot form the basis of a failure-to-protect claim under § 1983. S*ee Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Moreover, to the extent that Plaintiff has sued any Defendant in his or her official capacity, that is actually a claim against Sullivan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). For a municipality to be liable under § 1983, a plaintiff must establish that a custom or policy of that entity caused a violation of his constitutional rights. *Monell*, 436 U.S. at 694 (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). Plaintiff has not set forth any facts from which the Court can plausibly infer that any custom or policy of Sullivan County caused the incidents in his amended complaint.

In sum, Plaintiff, despite having been afforded an opportunity to amend his complaint to provide additional detail, [*see* Doc. 6 at 5, 6] Plaintiff's amended complaint does not "nudge[] [his] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Therefore, this action will be dismissed.

      **B.**    **Failure to Exhaust Available Administrative Remedies**

Alternatively, the Court finds this action should be dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. The PLRA specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints[,]" a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Ky.,* No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215 and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Sullivan County Jail has a grievance process [Doc. 7 at 2]. It is also apparent that Plaintiff did not utilize that process prior to filing this action. Although Plaintiff states he did not follow the grievance process because "other inmates told [him] what would happen if [he] made [a] grievance on the kiosk[,]" he was nonetheless required to make some effort to exhaust his administrative remedies in accordance

6

with the grievance process. *See Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 223–24 (6th Cir. 2011). And because Plaintiff did not make any attempt to exhaust his administrative remedies through the jail's grievance procedure, this action is subject to dismissal. *See Barnett*, 2017 WL 3402075, at *1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced"); *Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted). Accordingly, Plaintiff's lack of exhaustion provides an additional, alternative reason to dismiss this action.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A;

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure; and

3. An appropriate Judgment Order will enter.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE